UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELIX BRIZUELA, | ) | CIVIL ACTION NO. 1:22-CV-1288 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| WEST VIRGINIA BOARD OF | ) | |
| OSTEOPATHIC MEDICINE, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION

On August 17, 2022, Dr. Felix Brizuela lodged two separate complaints here in the Middle District of Pennsylvania. Both complaints arrived by mail. They are:

1. Brizuela v. State Board of Osteopathic Medicine (PA), 1:22-cv-1249-WIA;[1] and,
2. Brizuela v. West Virginia Board of Osteopathic Medicine, 1:22-cv-1288-WIA.

Both complaints were accompanied by an application for leave to proceed in forma pauperis. This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by litigants seeking leave to proceed *in forma pauperis*. *E.g.,* 28 U.S.C. § 1915(e)(2).

---

[1] I reviewed the Complaint against the Pennsylvania Board, found that venue was proper in the Middle District of Pennsylvania, granted IFP, and screened the complaint by written order. Brizuela v. State Board of Osteopathic Medicine (PA), 1:22-cv-1287-WIA, (Doc. 6).

After careful review of the complaint against the West Virginia Osteopathic Board I find no connection to the Middle District of Pennsylvania. Accordingly, this case will be transferred to the Southern District of West Virginia, a court with at least plausible venue for further proceedings. I have not ruled on the IFP request or conducted a full screening on the merits. Those tasks should be done in the proper venue.

In the complaint against the West Virginia Osteopathic Board Dr. Brizuela alleges that the West Virginia Board discriminated against him and improperly revoked his medical license. His complaint deals only with the case of a patient, Heather Sneberger in 2016. It is clear from the face of the complaint that she was a patient in West Virginia. There are no facts alleged in Pennsylvania, much less the Middle District.

Last week Dr. Brizuela filed five cases here in the Middle District of Pennsylvania relating to his criminal convictions in West Virginia. All five complaints arrived by mail. They are:

1. Brizuela v. Federation of State Medical Boards, 1:22-cv-1249-WIA;

2. Brizuela v. Sarah Wagner, 1:22-cv-1250-WIA;

3. Brizuela v. Douglas Saghrue, 1:22-cv-1251-WIA;

4. Brizuela v. Michael DeRiso, 1:22-cv-1252-WIA; and,

5. Brizuela v. WVU Medical Center, 1:22-cv-1257-WIA.

I transferred those five cases to the Northern District of West Virginia where the trial and plea occurred. They have all been docketed in the Northern District. This case however deals with the West Virginia licensing Board, which is located at 405 Capitol Street, Suite 402, Charleston, WV 25301, in the Southern District of West Virginia.

In this case, venue over this matter appears to lie in the United States District Court for the Southern District of West Virginia and not in the Middle District of Pennsylvania. To protect Plaintiff's rights as a *pro se* litigant, I will order this complaint transferred to the United States District Court for the Southern District of West Virginia for further proceedings. Such a transfer order avoids any prejudice to Plaintiff which might flow from a dismissal of these actions on venue grounds. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of Plaintiff's claims, thus assuring that he can have this case heard on its merits in the proper forum. *See*, 18 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE, §4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

The decision to transfer a case is within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to

appeal to the district court for an abuse of that discretion. *See Franklin v. GMAC*, No. 13–0046, 2013 WL 140042, at * 1 n.1 (W.D. Pa. Jan. 10, 2013) ("Orders to transfer are not listed as dispositive . . . A Magistrate Judge may rule on such matters pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g., Silong v. United States*, 2006 WL 948048, at *1 n. 1 (M.D. Fla. 2006). *See also In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) (a dispositive order is one that "terminates the matter in the federal court"). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp.*, 1997 WL 1864, at *1 (S.D.N.Y. 1997) (collecting cases); *Berg v. Aetna Freight Lines*, 2008 WL 2779294, at *1 (W.D. Pa. 2008) ("A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) involves a non-dispositive pretrial matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)") (collecting cases)).

[The next page contains the conclusion.]

**CONCLUSION**

For these reasons, this case will be transferred to the United States District Court for the Southern District of West Virginia for all further proceedings. An appropriate order follows.

Date: August 18, 2022                     BY THE COURT

                                          *s/William I. Arbuckle*
                                          William I. Arbuckle
                                          U.S. Magistrate Judge